941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patricia Ann SUTPHIN, Defendant-Appellant.
 No. 90-5356.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 9, 1990.
Decided Aug. 27, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Elizabeth V. Hallanan, District Judge. (CR-89-235)
 Mary Lou Newberger, Assistant Federal Public Defender, Charleston, W.Va., for appellant.
 Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Patricia Ann Sutphin was convicted of distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1). On appeal, defense counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and requested leave to withdraw as Sutphin's attorney. Counsel identifies only one arguable issue--whether the refusal to grant a twolevel adjustment for acceptance of responsibility can be properly based on the use of drugs by a drug addict. Sutphin was advised of her right to submit her own brief, but did not do so. We affirm the district court and deny counsel's motion to withdraw.
 
 
 2
 Sutphin was arrested after she sold two oxycodone capsules to an undercover detective. She has a lengthy history of abuse of this and other drugs and has been enrolled in detoxification programs. She admitted to the probation officer preparing the pre-sentence report that she was addicted to oxycodone.
 
 
 3
 A two-count indictment charged Sutphin in count one with conspiracy to distribute and to possess with the intent to distribute oxycodone and in count two with distribution of oxycodone. She was released on bond at her initial appearance before the Magistrate. A condition of release was that she be admitted to an in-patient drug treatment program. Sutphin was admitted to the program but later left without permission. The district court revoked her bond and she was committed pending later proceedings.
 
 
 4
 Sutphin later entered a guilty plea to count two of the indictment. The district court released her on bond pending sentencing and imposed as a condition of that release a restriction that she stay at her parents' home except for specific times when she could leave, after giving notice to the probation officer. The district court later issued a warrant for her arrest based upon a report from the probation officer that Sutphin admitted using oxycodone while on release and had left her parents' home several times without permission.
 
 
 5
 The probation officer concluded that Sutphin was not entitled to the two-point reduction for acceptance of responsibility because of her failure to comply with the home restriction and her continued use of oxycodone while on release. Sutphin argued at sentencing for the reduction, but the district court refused to grant her the reduction.
 
 
 6
 The district court's decision on whether to grant a reduction for acceptance of responsibility is a factual issue and will not be disturbed on appeal unless it is clearly erroneous. United States v. White, 875 F.2d 427, 431 (4th Cir.1989).
 
 
 7
 The district court did not clearly err in relying on her failure to comply with the home restrictions to deny the reduction. Sutphin admitted that she failed to follow this condition of release. She made no explanation for not following the court's orders. Such a failure to follow the conditions of release, particularly after having her bond revoked on her previous release, is not conduct consistent with a defendant who is remorseful and who has accepted responsibility for her criminal conduct. This basis is completely independent from the district court's other finding, that Sutphin is not entitled to the reduction due to her continued use of oxycodone while on release pending sentencing. Thus, we decline to address the alternative basis for the district court's determination.
 
 
 8
 In accordance with the requirements of Anders, supra, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), this Court requires that counsel inform her client, in writing, of her right to petition the Supreme Court for further review. If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari. Therefore, counsel's motion to withdraw from further representation is denied.
 
 
 10
 AFFIRMED.